KENTUCKY BAR ASSOCIATION, Complainant,

v.

D. Gene DILLMAN, Respondent.

Supreme Court of Kentucky.

June 25, 1976.

Leslie G. Whitmer, Director, Kentucky Bar Ass'n, Frankfort, for complainant.

PER CURIAM.

In this disciplinary proceeding the Kentucky Bar Association charged D. Gene Dillman, a member thereof, with unethical and unprofessional conduct calculated to bring the bench and bar into disrepute.

A more detailed account of the charges is contained in the following two counts alleged by the Inquiry Tribunal of the Kentucky Bar Association:

*Count 1.* On or about March 3, 1975, respondent was retained by Edgar Ward to file a bankruptcy petition in his behalf. On or about March 10, 1975, Ward paid respondent $75 to file the petition. Thereafter Ward moved from Kentucky to Myrtle Beach, South Carolina, and heard nothing from respondent. When he tried to contact respondent, respondent did not reply. As a result of respondent's neglect of this matter, Ward's house was foreclosed upon and all property which he owned in Kentucky was lost. Respondent never filed the petition in bankruptcy in behalf of Ward.

*Count 2.* On or about June 1969, Ewell Hamblin of Clairfield, Tennessee, sought representation for himself and his minor daughter, Melissa Kay Hamblin, employing respondent to file suit for alleged damages caused in an explosion in Williamsburg, Kentucky, on June 11, 1969. Hamblin alleged part of the medical expenses in behalf of his minor daughter was in excess of $10,000. From the time of employment until December 1974, respondent gave Hamblin repeated assurances that the legal steps necessary to protect the interests of Hamblin and his daughter had been taken. The assurances by respondent were misrepresentations, as Hamblin learned in December 1974 that respondent had neglected to file any suit in state or federal court. Respondent's concealment of his failure to file suit and his neglect of his clients' interests resulted in the claim being barred by the statute of limitations. From January 1975 to June 1975 respondent refused to cooperate with Hamblin's new counsel of Knoxville, Tennessee, by failing to respond to letters and phone calls and by making appointments with them and then not being present without any notice of cancellation.

The respondent had notice of the charges filed against him by the Inquiry Tribunal but made no response. The Board of Governors reviewed this matter and on March 19, 1976 found respondent guilty as charged and recommended to this court that respondent be suspended from the practice of law for one year. A rule was issued on April 2, 1976, from this court commanding the sheriff of Bell County to summon the respondent to appear and show cause why he should not be adjudged guilty of the charges. Respondent was served by the sheriff of Bell County on April 30, 1976, but he has failed to file any kind of answer.

RAP 3.410 states, in part:

"Promptly upon the filing of the order as provided in RCA 3.370 (now RAP 3.370), the clerk shall advance the case on the docket and shall forthwith issue a rule against the respondent returnable within twenty days after service of the rule, requiring the respondent to show cause why he should not be adjudged guilty of unprofessional conduct and disciplined therefor. . . . If response is not filed when due the court shall enter judgment against the respondent, adjudging him guilty of unprofessional conduct and disciplining him. . . ."

It is the opinion of this court that the respondent is guilty of the unethical and unprofessional conduct alleged and that the recommendation of the Board of Governors of the Kentucky Bar Association should be adopted.

It is therefore the judgment of this court that respondent, D. Gene Dillman, be and he is hereby suspended from the practice of law in Kentucky for a period of one year and required to pay the costs of this proceeding.

All concur.