KENTUCKY BAR ASSOCIATION, Complainant,

v.

### John W. MURPHY, Jr., Respondent.

Supreme Court of Kentucky.

Oct. 29, 1976.

Rehearing Denied Jan. 28, 1977.

Leslie G. Whitmer, Director, Kentucky Bar Association, Frankfort, for complainant.

John W. Murphy, Jr., Liberty, for respondent.

### PER CURIAM.

This is a disciplinary proceeding. The Kentucky Bar Association charged the respondent with unethical and unprofessional conduct in that he failed to properly represent his client and failed to give appropriate attention to legal work entrusted to him

by his client, resulting in damage to his client and prejudice to his client's rights.

The trial committee recommended a finding of guilty and that the respondent be suspended from the practice of law for a period of three months. The board of governors of the Kentucky Bar Association considered the recommendation of the trial committee and found the respondent guilty and recommended that respondent be suspended from the practice of law for a period of three months.

Respondent asserts that the evidence does not support a finding of guilt.

We have reviewed the evidence and exhibits, and are of the opinion that the respondent is guilty of unethical and unprofessional conduct.

In a law suit involving title to real estate, respondent failed to attend the taking of depositions by the opposing party, but, more importantly, did not offer any proof for his client, then failed to take any action to further the interest or protection of his client after judgment was entered for the opposing party. Respondent's testimony that he had withdrawn from the case is not credible in view of his signature on an order directing him to complete the proof for his client within a period of 30 days. Further, there is the testimony of opposing counsel and respondent's client that respondent had not at any time indicated to them that he had withdrawn from the case.

Respondent owed a duty to his client to faithfully represent him in the litigation and failed to so do. We are of the opinion that respondent's failure to protect the interests of his client is such unethical and unprofessional conduct as to warrant his suspension from the practice of law. In *Kentucky Bar Association v. Dillman*, Ky., 539 S.W.2d 294 (1976), we ordered suspension for one year for similar conduct. We are of the opinion that an equal penalty is warranted here.

It is, therefore, the judgment of this court that respondent, John W. Murphy, Jr., be and he is hereby suspended from the practice of law in Kentucky for a period of one year and is required to pay the costs of this proceeding.

All concur.