**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**M. C. CLEM, Jr., Respondent.**

Supreme Court of Kentucky.

July 1, 1977.

Leslie G. Whitmer, Director, John T. Damron, Asst. Director, Frankfort, for complainant.

*PER CURIAM.*

In this disciplinary proceeding, M. C. Clem, Jr., a member of the bar, was charged by the Kentucky Bar Association with unprofessional and unethical conduct calculated to bring the bench and bar into disrepute, RAP 3.130.

The charges involve representation of three clients in litigation and are as follows.

First, in representing a client in a workmen's compensation case, respondent failed to appear at depositions and failed to meet appointments with his client. When the Workmen's Compensation Board found against his client, respondent falsely told his client he would appeal to the circuit court and falsely told his client an appeal had been taken. When his client was told by another lawyer that no appeal had been taken, respondent failed to comply with a request for the file to be given to the other lawyer or give any assistance to protect the interests of his client. Further, respondent had lent money to his client, thereby taking a proprietary interest in the outcome of the case.

Second, in representing a client, the wife in a divorce action, respondent failed to make an effort to discover the assets of the husband, and after advising his client to appeal from a judgment distributing their property, failed to execute a bond on appeal and did not file a brief, resulting in dismissal of the appeal. Further, respondent did not inform his client of the dismissal of her appeal. The trial court then by order directed the parties to settle the division of household furniture and appliances or subject them to a public sale, and respondent did not inform his client of this order. His client discovered the notice of public sale in a newspaper, and respondent falsely informed his client he knew nothing of the order and stated he would appear at the sale to represent her. He did not appear.

Lastly, in another divorce proceeding, respondent advised his client, the husband, that in the distribution of property he would receive one-half the furniture and title to a camper. Respondent then drafted a property settlement agreement giving all the household furniture to the wife and providing that his client pay to the wife one-half the value of the camper. Upon discovery of the mistake, respondent failed to take any action to correct the error. Respondent further falsely informed his client that a court injunction prohibited his wife from withdrawing any funds in a savings account. The wife withdrew one-half the savings, and respondent did nothing to protect his client's interest in the savings account.

The respondent did not answer the charges or make any appearance. Consequently, the inquiry tribunal referred this matter to the board of bar governors of the Kentucky Bar Association. The board of bar governors found respondent guilty of unprofessional and unethical conduct, recommending disbarment.

The respondent has not made any attempt to mitigate the charges by filing a response here.

We agree with the board of bar governors that respondent is guilty of unprofessional and unethical conduct. It is with respect to the recommended penalty here that we must disagree. Our recent decisions in *Kentucky Bar Association v. Vincent,* Ky., 538 S.W.2d 39 (1976), *Kentucky Bar Association v. Dillman,* Ky., 539 S.W.2d 294 (1976), and *Kentucky Bar Association v. Murphy,* Ky., 549 S.W.2d 295 (1977), involve situations where the lawyer failed to attend to his clients' business and made false statements to his clients with regard to actions taken by him in the proceedings. In each of these situations, we regard a suspension from the practice of law of one year as appropriate. Here, as demonstrated by the facts outlined above, the respondent is guilty of more aggravated conduct than that portrayed in *Vincent, Dillman,* and *Murphy.*

We are of the opinion that the circumstances presented here, in light of our recent decisions *supra,* warrant a suspension from the practice of law for a period of two years instead of disbarment. We recognize that a considered judgment must be made on each set of facts presented in charges of this type, and having reexamined *Vincent, Dillman,* and *Murphy,* we conclude in those situations we were perhaps too lenient. Prospectively, we would say that a state of facts such as presented here portrays such reprehensible conduct as to warrant disbarment.

The public has a right to expect from a member of the bar fair dealing with his client, fidelity to his client's interests, and a high degree of competency. We could not tolerate less without ourselves assuming responsibility for such lack of high ethical performance.

Accordingly, it is ordered that respondent be and he is hereby suspended from the practice of law for a period of two years in this Commonwealth, and he is required to pay the cost of this proceeding.

REED, C. J., and CLAYTON, LUKOWSKY, and STERNBERG, JJ., concur.

STEPHENSON and JONES, JJ., dissent.

PALMORE, J., not sitting.

STEPHENSON, Justice, dissenting.

I respectfully dissent from the majority opinion.

I regard this record as a flagrant example of unprofessional and unethical conduct. The circumstances presented here violate every concept of the fidelity owed by a lawyer to his clients' interests. Respondent's misrepresentation to his clients and his neglect of attention to their interests is so reprehensible as to dictate permanent disbarment.

In my opinion, the conduct here goes so far beyond *Vincent, Dillman,* and *Murphy* that it warrants the penalty recommended by the board of bar governors.

"The measure of good faith required of an attorney in dealing with his clients is far higher than that exacted in the ordinary business transaction. The relationship is one of trust and confidence, and it is the duty of the courts to preserve it on a high plane of moral responsibility for the protection of the public." *In re Gilbert,* 274 Ky. 187, 118 S.W.2d 535, 537 (1938).

I would accept the recommendation of the board of bar governors and order permanent disbarment.

JONES, J., joins in this dissent.