**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**D. Gene DILLMAN, Respondent.**

Supreme Court of Kentucky.

July 1, 1977.

Leslie T. Whitmer, Director, Kentucky Bar Ass'n, Frankfort, for complainant.

PER CURIAM.

This is the second chapter of the sordid professional biography of D. Gene Dillman. The first chapter will be found in *Kentucky Bar Association v. Dillman,* Ky., 539 S.W.2d 294 (1976).

The Inquiry Tribunal of the Bar Association has charged:

I

In or about 1970, Respondent Dillman was employed by Wayne L. Huff whose last known address is 910 Madison Avenue, Wauconda, Illinois, for representation on a workmen's compensation claim. Mr. Huff had been examined by at least four physicians in regard to his injuries, and Respondent had some of their reports. In or about June, 1972, a hearing in regard to the said claim was held and Respondent and Mr. Huff were present. Respondent promised to keep Mr. Huff informed but failed to do so. Mr. Huff's telephone calls and letters to Respondent were not answered.

II

Within the same facts and circumstances as contained in Count I above, Mr. Huff contacted Illinois attorney Robert O. Drtina to discover from Respondent the status of the claim. In September, 1974, Mr. Drtina was orally told by Respondent in words to the effect that Mr. Huff had "assigned all benefits under his claim to the Social Security Board." Said statement by Respondent

was false and deceitful. False because no such assignment exists and deceitful because the Workmen's Compensation Board opinion and order entered January 29, 1973, denying Mr. Huff's claim was not disclosed to Mr. Huff.

### III

Within the same facts and circumstances as related above in Count I and II, the Workmen's Compensation Board in its opinion and order found it significant that Mr. Huff mentioned the names of some seven physicians but none were called to testify, and further that Mr. Huff failed to show probative evidence to prove his claim. Said decision is indicative of Respondent's failure to competently represent Mr. Huff, as well as Respondent's neglect of Mr. Huff's interests.

Dillman received notice of these charges and has not availed himself of the opportunity to defend either before the Bar Association or this court. The Board of Governors has found him guilty as charged and recommended permanent disbarment. We dispose of the case pursuant to RAP 3.410.

We are of the opinion that Dillman is guilty of the unethical and unprofessional conduct alleged and that such conduct is calculated to bring the bench and bar into disrepute. Considering that this conduct occurred chronologically between Counts 1 and 2 of the first Dillman case and the policy which we announced in *Kentucky Bar Association v. Clem,* Ky., 554 S.W.2d 360 (1977), we are satisfied that the appropriate punishment is suspension from the practice of law for one year, to run consecutively to his present suspension, and payment of the costs of this proceeding.

It is so ordered.

All concur.