**KENTUCKY BAR ASSOCIATION, Petitioner,**

v.

**Lohren F. MARTIN, Jr., Respondent.**

Supreme Court of Kentucky.

Oct. 28, 1977.

---

Leslie G. Whitmer, Director, Kentucky Bar Association, Frankfort, for petitioner.

Lohren F. Martin, Jr., pro se.

PER CURIAM.

On September 23, 1976, pursuant to the provisions of RAP 3.200, a written charge was filed against the respondent in this court wherein it is alleged that he engaged in unprofessional and unethical conduct. This charge is fully denied by the respondent in his answer filed October 18, 1976. The trial committee of the Kentucky Bar Association, on February 4, 1977, conducted an evidentiary hearing, of which respondent was duly notified but did not appear. The testimony was recorded, transcribed and filed in this court on July 26, 1977.

The testimony discloses that Henry Girdler, an uneducated person, had been arrested in Somerset, Kentucky, for the alleged offense of disturbing the peace; that he was held incommunicado from the time of his arrest at 6:45 until his trial at 9:40; and that when the case came on for trial the charge was dismissed. Girdler regularly takes medication for a heart condition, but was refused permission to take his medicine while being held under arrest.

At the hearing Girdler and his daughter were the only two witnesses to testify. Girdler testified that on or about November 17, 1973, he conferred with the Honorable Lester Burns, an attorney-at-law of this commonwealth, relative to his arrest, with the intention of bringing a civil action to recover damages from the City of Somerset for his mistreatment. After such conference, Attorney Burns accepted the employment and turned the case over to respondent. Thereafter, Girdler conferred with respondent relative to the prosecution of his action. At this conference Girdler gave respondent $50 in cash for the filing fee and turned over to him a brown envelope in which had been placed his personal belongings at the time of his arrest and returned to him when he was dismissed. About six months later Girdler talked to respondent on the telephone relative to the proceeding and was told that the lawsuit had been filed in the federal court in London, Kentucky. About three months later Girdler again called respondent on the telephone, but was advised by someone in his office that he was in court. Two or three months later Girdler again called respondent on the telephone and was told by him that the federal judge in London had died, which had caused

a delay. Girdler visited the office of the clerk of the federal court in London and was unable to find any record that his lawsuit had been filed. Thereupon, Girdler's daughter called respondent's office and was told that he was not there, but upon being advised that she and her father were in London, Kentucky, and that they had learned that no such lawsuit had been filed, respondent came on the phone and told Girdler that the suit had been filed in the federal court in Lexington, Kentucky. A couple of weeks later Girdler telephoned the office of the clerk of the federal court in Lexington, but was advised by that office that no such suit had been filed. Again, Girdler called the respondent and told him of his newest discovery, to which respondent said, " * * * I haven't got time to fool with the case, * * * I'm sending you your $50.00 back." On May 5, 1976, respondent returned the $50 which he had received from Girdler, and on May 18, 1976, Girdler wrote a letter to respondent discharging him in the matter and demanding the return of his personal property. Thereafter, Girdler conferred with several other attorneys, but in each instance he was advised that it was too late to bring a lawsuit.

Lou Ethel Trostel, daughter of Henry Girdler, testified that she accompanied her father to Mr. Burns' office for his initial conference, and she reaffirmed her father's testimony about what took place at that time. She further testified that she made many telephone calls to respondent's office on behalf of her father, but on each occasion, other than one, she was told that the suit was being processed. On the one occasion she said that when she called respondent's office, she was told that he was not in. However, when she advised the person to whom she was talking that she and her father were in London at that time and had learned that the suit had not been filed, the respondent came on the line saying that the suit had been filed in Lexington.

On February 17, 1977, a copy of the transcript of testimony was mailed to respondent and he was directed to present any rebuttal evidence he may have on or before March 5, 1977. The record fails to disclose any response. As a matter of fact, the record discloses that respondent's only response in any manner was his answer filed on October 18, 1976.

On May 17, 1977, after expressing as its opinion that there is grave doubt that Girdler had a worthwhile cause of action against the City of Somerset, the trial committee recommended that respondent be given a private reprimand. On July 16, 1977, the Board of Governors of the Kentucky Bar Association unanimously found the respondent guilty of unprofessional and unethical conduct. Ten of the thirteen members of the Board recommended that respondent's punishment be a two-year suspension period and that he be required to pay the costs of the action.

The findings and recommendations of the Board of Governors were filed in the office of the clerk of this court on July 26, 1977, and on the same day an attested copy thereof, together with a rule for the respondent to show cause, if any he has or can, why he should not be found guilty of unprofessional conduct and disciplined therefor, was issued from the clerk's office. The return of the Sheriff of Laurel County, Kentucky, discloses that both the attested copy of the said findings and recommendations of the Board and the rule to show cause were served on respondent on August 22, 1977. The record reflects that no response has as yet been made.

The respondent is found guilty of unprofessional conduct and is suspended from the practice of law in this commonwealth for a period of two years and ordered to pay the costs of these proceedings.

PALMORE, C. J., and REED, STEPHENSON, CLAYTON and STERNBERG, JJ., concur.

JONES and LUKOWSKY, JJ., not sitting.