**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Gary L. LITTLETON, Respondent.**

Supreme Court of Kentucky.

Jan. 31, 1978.

Leslie G. Whitmer, Kentucky Bar Ass'n, Frankfort, for complainant.

Gary E. Conn, Grayson, for respondent.

PER CURIAM.

The respondent, Gary L. Littleton, is a duly licensed attorney of this Commonwealth, with offices in Grayson, Carter County, Kentucky. On or about September 7, 1970, he was employed by Ralph Suttles and Lillie Suttles to file a personal injury lawsuit for them, and on or about September 1, 1971, he filed such an action in the Carter Circuit Court demanding damages in the sum of $129,200. On July 7, 1976, nearly five years after the filing of the action, it was dismissed for failure to prosecute.

This proceeding was commenced on July 25, 1977, by the filing of a complaint with the Kentucky Bar Association in which the respondent was charged with having negligently failed to protect the legal interests of his clients, Mr. and Mrs. Suttles. Respondent was duly notified of the filing of the complaint by certified mail. He made no response to the complaint, and on October 19, 1977, the record was submitted to the Board of Governors of the Kentucky Bar Association for consideration and action. On November 14, 1977, the Board of Governors unanimously found the respondent guilty as charged. A majority of the members of the Board recommended that respondent be suspended from the practice of law for a period of two years and be required to pay the costs of the action. A minority of the Board recommended that respondent be disbarred.

On November 23, 1977, the action and recommendations of the Board of Governors, together with the entire record relative to this particular disciplinary proceeding, were filed in the office of the clerk of this court and a summons issued by the clerk commanding respondent to appear before the Supreme Court or file a response and show cause, if any he could, why he should not be adjudged guilty of unprofessional conduct and disciplined therefor. On December 5, 1977, the summons was served on respondent by the sheriff of Carter County, Kentucky, and on December 27, 1977, 22 days after the service of the summons, the respondent, by counsel, filed with the Director of the Kentucky Bar Association a pleading which he captioned "Answer." At that time the record had already been filed in this court; however, the Director, at the request of counsel for respondent, on the same date the answer was received by him forwarded it to the clerk of this court, where it was placed with the balance of the record. Although the answer was not timely filed, we will consider it in the disposition of this action.

Mr. and Mrs. Suttles were involved in an automobile collision and seriously injured. They employed the respondent to represent them in their claims for damages, and a suit was filed in the Carter Circuit Court by respondent for and on behalf of his clients seeking damages in the sum of $129,200. The action was dismissed without prejudice by the trial court on October 1, 1974. On January 2, 1975, three months after the suit had been dismissed without prejudice, respondent filed a motion to redocket. The motion was responded to by opposing counsel. On July 7, 1976, the motion to redocket was denied and the action dismissed, which result respondent contends came as a surprise to him.

This court is fully cognizant of the fact that some cases come to trial sooner than others and that the time of preparation for a trial may differ from case to case. In this case all that the respondent has told this court, and that by answer tendered after it was due to be filed in this court, is that he had taken numerous depositions and in June, 1974, had filed a motion to have the case set for trial.

From the record it appears that the respondent is the County Attorney of Carter County, Kentucky, and has been elected to that office on three occasions. This court is

**90**

also advised that heretofore respondent had served as a member of a disciplinary trial committee. Counsel for respondent suggests that respondent's conduct reflects only on the manner in which he carried out his personal and private practice of law, not his proficiency in carrying out his duties as county attorney, and for that reason he should not be limited in his carrying out his duties as county attorney.

Be that as it may, we are faced squarely with the proposition that his personal and private clientele have suffered at his hands and his conduct is such that it cannot help but bring disrepute to the bar. This is not the only occasion wherein respondent is charged with conduct calculated to bring the bench and bar in disrepute. While this present proceeding was in process, another disciplinary action was in progress (*Kentucky Bar Association v. Gary L. Littleton*, No. SC–481–KB). In neither case did respondent file a timely answer or make response to the charges made against him. In the present case his answer was first filed on December 27, 1977, which is 22 days after he was served with a show-cause summons issued from the office of the clerk of this court. It was 39 days after the opinion in the other disciplinary action against respondent (Opinion rendered November 18, 1977—No. SC–481–KB). This court cannot help but equate the manner in which respondent defends himself in this disciplinary action and in the one in which the opinion from this court was handed down on November 18, 1977. There was no response made to the charges preferred against him, only his act of ignoring the charges until after he was made to understand the significance of his conduct by his suspension from the practice of his profession. Respondent, as County Attorney for Carter County, is an officer of the court and charged with a greater responsibility than the average practitioner. He must attempt to set a standard above the ordinary rather than below the ordinary.

It is the opinion of this court that the recommendations of the Board of Governors of the Kentucky Bar Association should be, and they are adopted. The re-

spondent is suspended from the practice of law for a period of two years and required to pay the costs of this proceeding. The period of suspension in this action (SC–566–KB) shall run concurrently with respondent's suspension from the practice of law for a period of two years in SC–481–KB.

All concur except STEPHENSON, J., who did not sit.