**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**D. Gene DILLMAN, Respondent.**

Supreme Court of Kentucky.

Feb. 21, 1978.

Leslie G. Whitmer, Director, Kentucky Bar Ass'n, Frankfort, for complainant.

No attorney of record for respondent.

PER CURIAM.

This is the third disciplinary proceeding against D. Gene Dillman since 1976. See *Kentucky Bar Association v. Dillman,* Ky., 539 S.W.2d 294 (1976) and *Kentucky Bar Association v. Dillman,* Ky., 554 S.W.2d 362 (1977). He has failed to answer or respond in either of the two previous proceedings. In the current proceedings he has again failed to answer, defend, or attempt to mitigate the charge against him.

The current charge is that in 1973 Dillman was employed by Mae Carter of Middlesboro, Kentucky, to obtain benefits under the Federal Coal Mine Health and Safety Act of 1969 based upon the illness of her now-deceased husband. An administrative law judge ruled adversely to the claim. This ruling was appealed to the Appeals Council. On November 13, 1973, the Appeals Council upheld the administrative law judge's decision and informed Mrs. Carter and Dillman by mail that an appeal could be taken within 60 days in the United States District Court. Mrs. Carter paid Dillman $18.00 to file her appeal in District Court. He failed to file the appeal until February 12, 1974, which was beyond the statutory appeal period. The appeal was dismissed on June 27, 1974.

During this period, Mrs. Carter was extremely concerned about obtaining the benefits and spoke several times to Dillman and to his secretary about the litigation in the United States District Court. Dillman, on each occasion between July 1974 and the summer of 1976, deliberately misrepresented the true status of the litigation by stating that the action was still pending, that "it just takes time," and that Mrs. Carter should be hearing something very soon.

Dillman was elusive to service of notice of the charges, but was not elusive enough. He was actually served by certified mail. He requested a thirty-day extension to file an answer. The time was granted but no answer was filed. The Board of Governors of the Kentucky Bar Association found Dillman guilty of the charges by a unanimous vote. The board recommended disbarment.

Although the current conduct was within the time frame of the previous charges, this court concludes that Dillman has persistently demonstrated such dishonest conduct accompanied by a lack of legal competence that the punishment of disbarment recommended by the Bar Governors is amply warranted. Dillman has played fast and loose with this court on more than one occasion. He is plainly unfit to practice law.

It is therefore the judgment of this court that D. Gene Dillman be and he is hereby permanently disbarred from the practice of law in this Commonwealth. It is further adjudged that D. Gene Dillman pay the costs of this proceeding.

All concur.