KENTUCKY BAR ASSOCIATION, Complainant,

v.

Michael R. McMAHON, Respondent.

Supreme Court of Kentucky.

Nov. 21, 1978.

Rehearing Denied Jan. 16, 1979.

Leslie G. Whitmer, Director, Michael Hooper, Asst. Director, Kentucky Bar Ass'n., Frankfort, for complainant.

Michael R. McMahon, Henry A. Triplett, Louisville, for respondent.

PER CURIAM.

This is a disciplinary proceeding in which the Kentucky Bar Association charged

McMahon with three counts of unprofessional conduct calculated to bring the bench and bar into disrepute. McMahon was charged with: (1) falsely advising a client as to the status of litigation; (2) loaning a contingency fee client $200.00 on three occasions; and (3) paying the client money from an "attorney at law escrow account."

Counsel for McMahon filed a response admitting the allegations contained in the charges except any allegations as to the falsity of representations made by him to his client.[1]

A trial committee appointed by the Board of Governors of the association heard evidence on both sides and found: "Charge number one concerning the veracity of statements by [McMahon] to [his client] is not proven; charge number three regarding payment of monies from an escrow account is of no merit; charge number two concerning loans to a contingency fee client is specious." The trial committee recommended that charges one and three "be taken for naught and that charge number two be subjected to a "private" reprimand for the sole reason that the rule is in existence."[2]

McMahon did not fare as well with the Board of Governors. The members discussed each charge separately and the evidence offered in support of and against the charges and found: (1) that McMahon entered into a contingency fee contract with the client in March 1974, "however, the contract was not signed until August 24, 1974." The Board also found that McMahon loaned his client $200.00 on each of three occasions and that the client testified she "considered it a loan" to be paid back when the case was settled. The Board found also that in the latter part of 1974 and the early part of 1975, the client contacted McMahon concerning her case on several occasions and McMahon's stock answer was "that he was working on the case." In 1976, the client through a Mr.

Huff learned that McMahon had failed to file a suit in her behalf. On October 23, 1976, McMahon presented the client a check in the amount of $4,321.50 drawn on his attorney at law escrow account. There was no evidence that a settlement had been made. McMahon told the client he had a conflict of interest and "that she should get her a lawyer."

The Board of Governors found McMahon guilty of professional misconduct and recommended that he be suspended from the practice of law in the state of Kentucky for a period of one year.

McMahon, in his notice for review and brief, makes a feeble attempt to convince this court that the evidence fails to sustain the findings of the Board of Governors. He admits quite frankly, that if he is unable to prevail in that endeavor then the punishment recommended by the Board of Governors is too severe because a drinking problem was the cause of the neglect to properly handle his client's business.

This court has read the evidence and is of the view that it was more than sufficient to sustain the Board's finding. The Board considered McMahon's drinking problem. It considered also that problem a mitigating factor, in that it brought about McMahon's neglect to perform his duty to his client. In its conclusions the Board commended McMahon for the action he has taken to alleviate the drinking problem as "a step in the right direction and if such conduct continues should be considered if and when respondent [McMahon] files for reinstatement."

The practice of law is an honorable profession. "Its first demand is a meet and lively sense of responsibility, without which it could not survive as a profession. If the respondent does not possess it he belongs in some other line of work.[3]

In the past two years this court has reviewed a number of disciplinary proceed-

1. Counsel for McMahon before the trial committee is not the same attorney who represents him on review.

2. McMahon did not testify.

3. *Kentucky Bar Association v. Booth*, Ky., 444 S.W.2d 122 (1969).

ings in which lawyers failed to protect the interest of their respective clients. Without exception, each was suspended from the practice of law for a term commensurate with his degree of neglect.[4]

The recommendation of the Kentucky State Bar Association is approved and McMahon is suspended from the practice of law in this state for a period of one year. The Kentucky State Bar Association shall recover its costs as provided by SCR 3.450.

All concur.

4. *Kentucky Bar Association v. Vincent*, Ky., 538 S.W.2d 39 (1976); *Kentucky Bar Association v. Dillman*, Ky., 539 S.W.2d 294 (1976); *Kentucky Bar Association v. Murphy*, Ky., 549 S.W.2d 295 (1976); *Kentucky Bar Association v. Clem*, Ky., 554 S.W.2d 360 (1977); *Kentucky Bar Association v. Dillman*, Ky., 554 S.W.2d 362 (1977); *Kentucky Bar Association v. Martin*, Ky., 558 S.W.2d 173 (1977); *Kentucky Bar Association v. Littleton*, Ky., 560 S.W.2d 5 (1977); *Kentucky Bar Association v. Dillman* (disbarment), Ky., 562 S.W.2d 318 (1978); *Kentucky Bar Association v. Littleton*, Ky., 561 S.W.2d 88 (1978).