**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Lohren F. MARTIN, Jr., Respondent.**

Supreme Court of Kentucky.

April 4, 1979.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Lohren F. Martin, Jr., London, for respondent.

## OPINION AND ORDER

The following decision of the Board of Governors of the Kentucky Bar Association is hereby adopted pursuant to and in conformity with SCR 3.370(8):

"FINDINGS OF FACT, CONCLUSIONS OF LAW, OPINION AND ORDER OF THE BOARD OF GOVERNORS OF THE KENTUCKY BAR ASSOCIATION

"On or about September 25, 1978, the respondent Lohren F. Martin, Jr., was charged with unethical and unprofessional conduct, specific charges being summarized as follows:

I. On or about May 27, 1975, respondent accepted a retainer fee in the sum of $43.00 from one Kenneth Bargo, to file a civil action against his employer. Respondent subsequently neglected this matter by failing to prepare and file the action. Further, although respondent agreed to return the retainer fee of $43.00, he failed to do so.

II. On or about May 20, 1975, Gary L. Helton employed respondent to represent him in Whitley Circuit Court on a charge of robbery in the first degree. On or about September, 1975, Gary Helton was indicted in Whitley County on a charge of burglary in the third degree and employed respondent to represent him in this case. Respondent subsequently neglected these legal matters entrusted to him by failing to take any action on behalf of his client to obtain a disposition of said criminal charges. Further, respondent accepted a retainer fee of $1,500.00 to defend each such charge, for a total of $3,000.00. Although many times requested to do so by the said Gary L. Helton, respondent has failed to refund any part of the said retainer fee.

"The charges were sent by certified mail to the respondent by the director of the Association, on September 25, 1978. Notice of said certified mail was given to respondent by the postal authorities on September 26, October 3, and October 11, 1978, but respondent failed to claim said certified letter, and it was returned to the Association. Subsequently, on October 19, 1978, Honora-

ble Victor Fox, Chairman of the House of Delegates appointed an attorney, pursuant to SCR 3.270, to notify respondent of the nature and pendency of the charges.

"On December 18, 1978 the attorney filed his report, stating that on October 27, 1978, he had personally served the respondent with the charges. Respondent filed no response, therefore the charges may be taken as confessed, pursuant to SCR 3.220, inasmuch as respondent received actual notice, through personal service, of the nature and pendency of the charges.

## "FINDINGS OF FACT

"Upon review of the investigative material, the Board of Governors finds the facts herein as follows:

I. On or about May 27, 1975, respondent Lohren F. Martin, Jr., accepted a retainer fee in the amount of $43.00 from one Kenneth Bargo to file a civil action for him. As of April 14, 1978, respondent neglected either to file the suit or to return the retainer fee, although requested to do so by his client.

II. a) In May of 1975, respondent accepted a retainer fee in the amount of $1,500.00 from one Gary L. Helton, to defend Mr. Helton on a charge of armed robbery in the Whitley Circuit Court. In September of 1975, respondent accepted a further retainer fee in the amount of $1,500 to represent the said Gary L. Helton on a charge of third degree burglary, presumably in the same court.

b) Subsequently, the said Gary L. Helton was convicted of a federal charge and sentenced to ten years in prison and incarcerated in the Federal Correctional Institution in Ashland, Kentucky.

c) Mr. Helton frequently contacted respondent and asked him to secure some disposition of the aforesaid state charges under the Interstate Agreement on Detainers. Respondent always gave some excuse for not having attended to these matters, and in fact did not attend to them or properly represent his client in connection with them.

d) Finally, Mr. Helton secured dismissal of charges with the assistance of the prison authorities, and with little or no help from the respondent. The state charges were dismissed in January and February of 1978.

e) In March and April of 1978, Gary L. Helton made several unsuccessful attempts to contact respondent to secure a refund of all or part of the $3,000.00. Respondent's failure to attend to these matters on behalf of his client, after having accepted a substantial fee for his services, caused his client needless worry and mental distress.

## "CONCLUSIONS OF LAW

"By reason of the conduct hereinabove summarized, respondent is guilty of unprofessional and unethical conduct calculated to bring the bench and bar in disrepute, by reason of his neglect of legal matters for which he had been retained by his clients, and for which he had been paid in advance.

## "DISCUSSION OF PUNISHMENT

"Having unanimously found the respondent guilty of the above charges, the Board of Governors considered the fact that the respondent was already under suspension for two years, because of a similar charge arising out of neglect of another client's affairs, which had been entrusted to him. Therefore, the Board concluded that these were not isolated events.

## "ORDER

"The Board concludes that respondent has been found guilty as charged and recommends that respondent, Lohren F. Martin, Jr., be suspended for three years from the practice of law, said suspension to run consecutively with the two-year suspension he is now serving.

BOARD OF GOVERNORS
KENTUCKY BAR ASSOCIA-
TION

(s) B. M. Westberry, President"

All concur except STERNBERG, J., who did not sit.

Entered April 4th, 1979
/s/John S. Palmore
Chief Justice