**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**John E. ALBERT, Respondent.**

Supreme Court of Kentucky.

April 19, 1984.

Bruce K. Davis, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Association, Frankfort, for complainant.

John E. Albert, George R. Effinger, Paducah, for respondent.

OPINION OF THE COURT

In a disciplinary proceeding, the Board of Governors of the Kentucky Bar Association concluded that Albert was guilty of unethical and unprofessional conduct calculated to bring the bench and bar of Kentucky into disrepute. The Board recommended that Albert be privately admonished and that he be required to pay the costs of this action.

Pursuant to SCR 3.370(7), this Court reviewed the record and the briefs and concludes that so much of the Board's decision as to the finding of guilt is adopted. However, it is the opinion of this Court that the punishment as recommended is insufficient and this Court finds an appropriate punishment to be and it is hereby Ordered that the respondent be publicly reprimanded. He is further Ordered to pay the costs of this proceeding.

Albert was charged with unethical conduct because he did not accurately advise his client of the status of litigation.

In July of 1982, a notice to dismiss a complaint for lack of prosecution was filed in circuit court. The suit was for a claim in excess of $6,000 for a client who had been referred to attorney Albert by an out-of-state collection agency.

The bar association investigation indicates that Albert filed a motion to set aside the dismissal and later wrote his client that he was taking various procedural and pretrial actions. He did not mention that the case had been dismissed for lack of prosecution or that he was attempting to have the dismissal set aside. This letter gave a false impression to the client that the lawsuit was progressing in a normal or routine fashion. The principal concern is Albert's failure to truthfully and accurately inform his client about the dismissal of the suit and the status of the claim. Consequently, we set his punishment at a public reprimand.

This is the second public reprimand of the respondent. *KBA v. Albert*, Ky., 549 S.W.2d 295 (1976). We will not ignore the cumulative effect of previous acts should there be any future instances of misconduct.

All concur.