**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Fredric J. COWDEN, Respondent.**

Supreme Court of Kentucky.

April 2, 1987.

Bruce K. Davis, Director of Kentucky Bar Ass'n, Frankfort, for movant.

Fredric J. Cowden, Louisville, pro se.

WINTERSHEIMER, Justice.

This matter involves two separate disciplinary proceedings against Cowden.

In the first action, the inquiry tribunal of the Kentucky Bar Association issued multiple charges concerning Cowden's dealing with three different clients. A KBA trial commissioner conducted evidentiary hearings and the Board of Governors found Cowden guilty in the first client's case of neglecting a legal matter entrusted to him by failing to advise his client of the true status of a lawsuit. The board also found him guilty of unethical conduct in the second client's case based on his actions after the second client had filed a legal malpractice suit against him. The board found Cowden not guilty ·of other charges and recommended to this Court that he be suspended from the practice of law for ninety days.

About the same time that the Board of Governors was deliberating on the first disciplinary action the inquiry tribunal issued another charge against Cowden on September 15, 1986, which stated that Cowden had fabricated a letter which he proposed to introduce into evidence in the defense of a criminal case for another client. Cowden allegedly falsely represented that he had obtained the letter from the Bacon's Department Store. Cowden was served with the charge but did not answer and the matter was submitted by default pursuant to SCR 3.210. Investigation by the bar association indicated that Cowden orally admitted he was guilty of the charges to a Jefferson Circuit Court judge and a bar association investigator. The Board of Governors found him guilty and recommended that he be suspended from the practice of law for two years.

I

▆ In 1976, Cowden was employed in a civil law suit which was dismissed. The inquiry tribunal, after investigation, determined that Cowden had neglected this legal matter by failing to timely file the lawsuit prior to the expiration of the statute of limitations and had subsequently failed to inform his client about the decision of the court and the status of the case. In 1979 through 1983, Cowden on various occasions told the client that the lawsuit was pending in court and that he was waiting for a schedule for trial. Cowden either knew or should have known that the suit had been dismissed. He neglected a legal matter entrusted to him by failing to ascertain the proper status of the suit and failing to correctly and accurately inform his client of the dismissal.

Cowden was charged with having violated disciplinary rule 6–101(A)(3) of the code of professional responsibility and adopted in SCR 3.130 which provides that a lawyer shall not neglect a legal matter entrusted to him. However, the trial commissioner and the board found that Cowden acted reasonably in his determination that a five-year statute of limitations applied to Butler's case instead of the one-year statute of limitations. A review of the decisions of the Sixth Circuit Court of Appeals indicates that Cowden had at least some basis to believe that a five-year statute applied rather than the one-year statute.

However, the trial commissioner and the board found that Cowden neglected the legal matter entrusted to him and engaged in unethical conduct by failing to inform his client that the suit had been dismissed. The commissioner further found that Cowden repeatedly told the client that the suit was pending and that he was only waiting for a trial date.

In his pleading before the KBA, Cowden argued that the client breached an agreement to pay him a $500 retainer fee and failed to keep various appointments to discuss the case. The client denies the contentions. In any event Cowden filed the suit in federal court on Butler's behalf and never withdrew as counsel of record. Cowden claims that he mailed a letter to the client to the effect that he no longer represented him but he did not provide a copy of such letter and the client stated that he did not receive the letter.

The dismissal of the lawsuit by the U.S. District Court was mailed by the Clerk of that court to the wrong address. Cowden had an independent duty to keep his client accurately informed about the status of the case and he is guilty of gross neglect in this respect. It is particularly important that Cowden should have kept the client fully advised because the decision of the court to dismiss the lawsuit on the basis of statute of limitations may have been erroneous and there may have been a good chance of being reversed on appeal.

Disciplinary rule 6–101(A) provides that a lawyer shall not neglect a legal matter entrusted to him. It is unethical for an attorney to neglect the legal affairs of his clients and that attorney should be disciplined by this Court for such neglect. The typical disciplinary case in this area indicates that not only neglect but also false statements by the lawyer to his client concerning the status of the case may be the subject of discipline. *KBA v. Vincent,* Ky. 538 S.W.2d 39 (1976).

*KBA v. Albert,* Ky. 668 S.W.2d 62 (1984) was a public reprimand but the attorney's misconduct was mitigated by the fact that he ultimately was able to have the dismissal of the lawsuit set aside and the client was not harmed.

## II

Cowden is also guilty as charged concerning the second client's case. It was alleged that there were three separate counts of misconduct but the Board of Governors and the trial commissioner found Cowden guilty only under Count II which was that Cowden failed or refused to comply with his promise to pay $500 to the second client as a result of a legal malpractice claim. The claim was that Cowden did not file an answer and that a default judgment was taken against his client. He also failed to pay the default judgment.

In October of 1983, Cowden refused to appear for depositions or produce requested documents. He was served with a subpoena, ignored the subpoena and did not appear in district court. He was subsequently arrested by the sheriff, taken to the clerk's office where he was deposed by opposing counsel. In June 1984, Cowden refused to appear for depositions. The tribunal charged him with violating disciplinary rule 1–102(A)(5) and (6). These rules are amplified by ethical consideration 1–5 of the code which provides in part that even minor violations of the law by a lawyer may tend to lessen public confidence in the legal profession.

In his capacity as a licensed attorney, Cowden is an officer of the court and has an ethical duty to comply with all proper court procedure. He engaged in unethical conduct when he deliberately failed to appear for the taking of depositions and violated or ignored a valid subpoena served on him.

## III

Cowden is guilty in the 1986 case of fabricating a letter and misrepresenting to his client that the fake letter came from a fictitious employee at Bacon's department store. Cowden has not filed a formal answer to the charge but he admitted his guilt to a circuit judge and a KBA investigator. He violated Disciplinary Rule 1–102(A)(4), (6) which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

This Court has previously considered numerous disciplinary matters where attorneys have neglected legal work and made false statements to their client concerning the work the attorneys claim to have performed. This Court has consistently imposed penalties ranging from one year sus-

pensions to and including permanent disbarment. *Kentucky Bar Assn. v. Vincent,* Ky. 538 S.W.2d 39 (1976); *KBA v. Dillman,* Ky. 539 S.W.2d 294 (1976); *KBA v. Martin,* Ky. 558 S.W.2d 173 (1977); *KBA v. Dillman,* Ky. 554 S.W.2d 362 (1977); *KBA v. McMahon,* Ky. 575 S.W.2d 453 (1978); *KBA v. Martin,* Ky. 580 S.W.2d 224 (1979).

 The public has a right to expect from his lawyer fair dealing, fidelity and high degree of competency. *KBA v. Clem,* Ky. 554 S.W.2d 360 (1977).

 Cowden was admitted to practice in 1975 and has two prior disciplinary convictions. In 1985 a private admonishment was issued in regard to a complaint concerning the issuance of a check drawn on his escrow account which was returned for insufficient funds. In 1981, a private admonishment was issued on a complaint that he neglected a client's lawsuit and that his inactivity on the suit and lack of communication with the client was totally unsatisfactory.

The KBA originally recommended a 90-day suspension and later recommended a two-year suspension. Cowden has failed to respond to the charges or to file a brief in this Court.

Considering his pattern of conduct as demonstrated by the current charges, his past history of discipline and his failure to respond, Cowden is hereby suspended from the practice of law for a period of five years. He is directed to pay the costs of this action and to comply with SCR 3.390.

All concur.

## ORDER SUSPENDING RESPONDENT FROM THE PRACTICE OF LAW

Pursuant to the decision of this Court as set forth in an opinion rendered herein this day, it is ordered that the respondent, Fredric J. Cowden, be suspended from the practice of law for a period of five (5) years commencing April 2, 1987, and ending April 1, 1992.

Within twenty (20) days from the date of the entry of this order, respondent shall notify all clients in writing of his inability to represent them and shall furnish photostatic copies of the letters of notice to the Director of the Kentucky Bar Association and to this Court.

The costs of these proceedings, including the costs certified under SCR 3.370, are assessed against the respondent.

Entire Court sitting.

All concur.