**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Melbourne MILLS, Jr., Respondent.**

**No. 91–SC–267–KB.**

Supreme Court of Kentucky.

May 9, 1991.

Bruce K. Davis, Executive Director, Scott D. Majors, Kentucky Bar Ass'n, Frankfort, for movant.

Melbourne Mills, Jr., Versailles, for respondent.

## ORDER ADOPTING FINDINGS OF THE BOARD OF GOVERNORS

Respondent was charged by the Inquiry Tribunal with violating DR 5–103(B) for advancing money totaling $6400 to a personal injury client and her daughter.

Pursuant to SCR 3.210, the case was submitted to the Board of Governors by the Inquiry Tribunal, there being no issue of fact. Upon a unanimous finding of guilt, the Board recommended that respondent receive a public reprimand and that he be ordered to pay the cost of this proceeding.

Pursuant to SCR 3.370, respondent has moved this Court for review of the decision of the Board and an oral argument on the ground that DR 5–103(B) and its successor, SCR 3.130(1.8(e)) are unsuitable and inappropriate when applied to a personal injury practitioner.

From the record it appears that respondent fails to appreciate the significance of his violation of the rule which prohibits a lawyer from providing financial assistance to a client in connection with pending litigation. The purpose of the rule is to insure that the lawyer does not acquire a financial interest in the litigation; that the lawyer's judgment remain unaffected by matters such as whether the client will be able to repay a loan; and that in final analysis, major decisions such as acceptance or rejection of settlement offers be made by the client. Whether respondent agrees with DR 5–103(B) and its successor SCR 3.130(1.8(e)), this rule has been adopted by this court to govern the conduct of Kentucky lawyers and respondent is obliged to observe it.

While it appears that respondent's violation was willful, the record fails to reveal that respondent's violation caused any harm to his client. The Board of Governors duly considered this matter and concluded narrowly that respondent should escape a suspension and be subjected only to a public reprimand.

We adopt the decision of the Board of Governors and hereby publicly reprimand respondent, Melbourne Mills, Jr., for his violation as described herein. Respondent is directed to pay the costs of this action.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

SPAIN, J., not sitting.

ENTERED: May 9, 1991.

/s/ Charles M. Leibson
Acting Chief Justice