**Michael J. CURTIS, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 97–SC–976–KB.**

Supreme Court of Kentucky.

Jan. 22, 1998.

## OPINION AND ORDER

Michael J. Curtis has moved for an order suspending his license to practice law in this Commonwealth for a period of sixty (60) days. The Kentucky Bar Association has no objection and requests that the Movant's motion be granted and an appropriate order entered.

On August 11, 1997, the Inquiry Tribunal issued a three-count charge against Movant. Count I of the charge arose from Movant's repeated advancement of money to a client, John Harris, from May 1994 to February 1996. The total amount of the advancements to Mr. Harris was approximately $4,200. In addition to this amount, Movant also paid in October 1996, the balance of Harris's personal loan from the Bank of Ashland, which was $3,726.58.

Movant also advanced $300 to Bill Clark, a client, by check dated November 13, 1995. Movant paid a fee to another attorney in May 1996, on behalf of his client Greg Arnett, who had been ordered to pay $500 to his ex-spouse's lawyer.

In Count I, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.8(e), which provides that a "lawyer shall not provide financial assistance to a client in connection with a pending or contemplated litigation." Movant admits that he violated this rule as charged by advancing money to or on behalf of John Harris, Bill Clark, and Greg Arnett.

Count II of the charge arose from Movant's improper use of his escrow account. Between November 1995 and March 1996, Movant wrote seven checks on his escrow account to individuals or entities who had not given him money to deposit into his escrow account. Movant accumulated earned fees in his escrow account but failed to timely deposit those fees into an operating or personal account.

In Count II of the charge, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.15(a), which provides that a "lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account." Movant admits he violated this rule by writing checks on the escrow account to individuals or entities who had not given him money to hold for their benefit or use. Movant admits he was occasionally using his escrow account as an operating account, since he allowed earned fees to accumulate in the escrow account and did not timely deposit the fees into a personal or operating account. Movant states that he did not deceive, defraud, or harm any client's financial interests, even though he admits to violating SCR 3.130–1.15(a).

In Count III of the charge, it is alleged that in June 1996, Movant's office manager/secretary/bookkeeper, Barbara Curtis, Movant's wife, had a blank trust account check in her purse and used it to purchase a dog. Mrs. Curtis fully reimbursed the trust account within a few days.

In Count III, the Inquiry Tribunal charged Movant with violating SCR 3.130–5.3(a) and (b). SCR 3.130–5.3(a) provides that "[w]ith respect to a nonlawyer employed or retained by or associated with a lawyer: a partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer." SCR 3.130–5.3(b) provides that a "lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer."

Movant admits that he violated SCR 3.130–5.3(a) and (b).

THEREFORE, IT IS HEREBY OR-DERED as follows:

(1) Movant is hereby suspended from the practice of law for a period of sixty (60) days from the date of the entry of this Order;

(2) Movant shall be responsible for the payment of the costs of the disciplinary investigation and proceedings in accordance with SCR 3.450; and

(3) Movant shall promptly comply with the notice provisions within SCR 3.390 by providing notice to all clients of his suspension and his inability to represent them and, where applicable, will inform all courts before which he has matters pending of his suspension.

All concur.

Entered: January 22, 1998.

/s/ Robert F. Stephens
Chief Justice