W. Craig **AULENBACH**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

**No. 2004–SC–914–KB.**

Supreme Court of Kentucky.

Dec. 16, 2004.

a violation of SCR 3.130–1.4(a) and (b), 1.16(d), and 8.3(b) for failing to keep his client reasonably informed about the status of the representation and to withdraw representation appropriately. Aulenbach moves this Court to sanction him by Public Reprimand and by a thirty day suspension. The KBA agrees, and we so order.

Aulenbach was admitted to the practice of law on May 1, 1978, and maintains a bar roster address at 4316 Bowling Blvd., Louisville, Kentucky. Aulenbach does not dispute that he violated the Rules of Professional Conduct as charged in KBA Files 9714 and 10235.

In April 1999, the client hired Aulenbach to represent her in a property dispute. Her landlord filed a Complaint against her on November 2, 1999 and Aulenbach filed an Answer and Counterclaim two days later. A trial date was set. After filing the Answer and Counterclaim on the client's behalf, Aulenbach had no further contact with her and failed to inform her of the trial date.

 Aulenbach moved to withdraw his representation less than a month before trial. A copy of the motion was sent to the client's former place of employment. No other copies were sent. Notably, Aulenbach did not send a copy to her home address, of which Aulenbach was aware, and he made no attempt to ensure that she received notification of his withdrawal. As a result of Aulenbach's failure to keep his client informed of the status of her case, she did not know the date of the trial and Judgment was entered against her in the amount of $6,100, plus interest.

Pursuant to these facts, Movant admits that he violated SCR 3.130–1.4(a) and (b), which requires an attorney to keep the client informed about the status of the case. Movant also admits that he violated

J.D. Raine, Ferreri & Fogle, Louisville, Counsel for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) charged Movant, W. Craig Aulenbach, with

SCR 3.130–1.16(d), which governs termination of representation.

 In a wholly unrelated matter, Aulenbach has been charged with violating SCR 3.130–8.3(b). That rule states that it is misconduct to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." Aulenbach has committed four separate crimes of Driving Under the Influence between 1995 to 2002. This Court agrees with Aulenbach that such a pattern of criminal behavior reflects poorly on his fitness as a lawyer and warrants punishment.

Upon the foregoing charges and facts, it is ordered that the Movant's Motion for Public Reprimand and Suspension be granted. Therefore, it is ORDERED that:

1. Movant, W. Craig Aulenbach, is hereby publicly reprimanded for violating SCR 3.130–1.4(a) and (b), 1.16(d) and 8.3(b).

2. Movant, W. Craig Aulenbach, is also hereby suspended from the practice of law in the Commonwealth of Kentucky for thirty (30) days.

3. Movant, W. Craig Aulenbach, is also hereby suspended from the practice of law in the Commonwealth one hundred eighty-one (181) days. However, this suspension is deferred for three years on the condition that Aulenbach participate in the KYLAP program as stated in the Supervision Agreement.

4. Movant, W. Craig Aulenbach, is also hereby ordered to reimburse his client's attorney's fees in the amount of $100; the sum of $475 representing one-half of the amount she paid a successor attorney to file a lawsuit against Aulenbach; and court costs of $173 for filing the suit against Aulenbach.

5. If Movant, W. Craig Aulenbach, fails to comply with any term of discipline as set forth above, upon motion of the KBA Office of Bar Counsel, the Court may implement the one hundred eighty-one (181) day suspension from the practice of law in the Commonwealth of Kentucky.

6. In accordance with SCR 3.450, Aulenbach shall pay all costs associated with these disciplinary proceedings against him, including the amount of $16.30 assessed against him, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: December 16, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE