**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Michael R. McMAHON, Respondent.**

**No. 2011–SC–000105–KB.**

Supreme Court of Kentucky.

April 21, 2011.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Michael R. McMahon, KBA Number 46690, receive a 181–day suspension, probated for two years with certain conditions for his admitted violations of SCR 3.130–1.3 and SCR 3.130–1.8(e) in KBA File 17346. McMahon was originally admitted to the practice of law in Kentucky on September 15, 1967, and maintains a bar roster address of PO Box 7369, 3320 Bardstown Road, Suite 41, Louisville, KY 40257–0369. Since neither McMahon nor the KBA filed a notice of appeal under SCR 3.360(4) we now enter a final order pursuant to SCR 3.370(10) adopting the Board's recommendation.

This matter stems from McMahon's representation of Leonard Robinson. In 2006, Robinson hired McMahon to represent him in a personal injury case. McMahon filed the lawsuit in Oldham Circuit Court on August 9, 2007.[1] Between January 2008 and October 2008, McMahon paid Robinson and his wife, Cheryl, $2,000 a month, anticipating recovering these monthly payments from the personal injury case settlement. However, Robinson fired McMahon in approximately late 2008 or early 2009 and hired new counsel because he did not believe McMahon was providing diligent representation in the matter. McMahon states that he failed to diligently represent the Robinsons due to

---

1. The style of the case was *Leonard L. Robinson v. Don L. Jackson, et al.,* Oldham Circuit Court Case No. 07–CI–00605.

several medical and mental health issues, including depression.

Based on these events, on July 20, 2009, the Inquiry Commission issued a two-count charge against McMahon alleging violations of SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client") and SCR 3.130–1.8(e) ("A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation"). McMahon now admits that he violated both rules. McMahon admits that he violated SCR 3.130–1.3 by failing to timely proceed with Robinson's personal injury case. McMahon also admits that he violated SCR 3.130–1.8(c) by paying approximately $20,000 to the Robinsons over the course of their personal injury litigation in anticipation he would recoup that money from the ultimate case settlement. Accordingly, the case was submitted to the Board of Governors pursuant to SCR 3.210(2).

The KBA recommended to the Board that McMahon receive a 181–day suspension, probated for two years, subject to certain conditions for his violations. The KBA believes that this sanction is consistent with sanctions given in similar disciplinary actions. *See Kentucky Bar Association v. Cook,* 281 S.W.3d 290 (Ky. 2009) (giving attorney a thirty day suspension, probated for two years with KYLAP supervision required for violations of SCR 3.130–1.3, SCR 3.130–1.4(a) and SCR 3.130–1.16(d)); *Bamberger v. Kentucky Bar Association,* 36 S.W.3d 758 (Ky.2001) (punishing attorney with an admitted alcohol problem with a thirty day suspension probated with conditions similar to KYLAP monitoring for violations of SCR 3.130–1.3 and SCR 3.130–1.4(a)); *Kentucky Bar Association v. Mills,* 808 S.W.2d 804 (Ky.1991) (sanctioning attorney with a public reprimand for advancing

$6,400 to a personal injury client and her daughter). While McMahon does have a prior disciplinary history, *Kentucky Bar Association v. McMahon,* 575 S.W.2d 453 (Ky.1978), the Board, citing McMahon's cooperative attitude toward the tribunal and the remoteness of the offenses, voted unanimously to accept the KBA's recommendation. We now enter a final order pursuant to SCR 3.370(10) adopting the Board's recommendation.

Thus it is ORDERED that:

1) Respondent, Michael R. McMahon, KBA Number 46690, PO Box 7369, 3320 Bardstown Road, Suite 41, Louisville, KY 40257–0369, is adjudged guilty of violating SCR 3.130–1.3 and SCR 3.130–1.8(e);

2) Respondent is hereby given a 181–day suspension from the practice of law in this Commonwealth, probated for two years, subject to his adherence to the following conditions:

a) Respondent shall not commit any crimes, including misdemeanors and felonies;

b) Respondent shall enter into a Supervision Agreement with the KBA and KYLAP and comply with all of the terms therein. Respondent shall also pay all costs for testing as required by the Supervision Agreement;

c) Respondent shall sign authorizations allowing the Kentucky Bar Association to review his records held by the Kentucky Lawyer's Assistance Program, mental health professionals, social workers, and any and all medical records and mental health records;

d) The Director of KYLAP will file quarterly reports with the Disciplinary Clerk of the Kentucky Bar Association for distribution to the Office of Bar Counsel and Respondent or Respondent's counsel. These reports shall state whether the Re-

**634**

spondent is complying with the terms and conditions in any Court order resulting from this disciplinary proceeding;

e) If at any time the KYLAP Director becomes aware of the Respondent's violations of any of the terms of any Court order resulting from this disciplinary proceeding or the Supervision Agreement with KYLAP, the KYLAP Director shall immediately file a notice of such violations with the Disciplinary Clerk of the Kentucky Bar Association for distribution to the Office of Bar Counsel and Respondent or Respondent's counsel;

f) Respondent shall timely pay his Kentucky Bar Association membership dues;

g) Respondent shall timely satisfy all Continuing Legal Education (CLE) requirements;

3) If the Respondent violates any of the terms of probation stated in this order or the Supervision Agreement between himself and KYLAP within two years of the date of this order, or receives a charge of professional misconduct during the two-year probationary period, the Kentucky Bar Association may file a motion with this Court requesting Respondent show cause why the 181–day suspension should not be imposed.

4) If at the expiration of the probationary period of two years, Respondent has fully complied with the above terms, the suspension and all terms of his probation shall be terminated;

5) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,403.68, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 21, 2011.

/s/ John D. Minton, Jr.

Chief Justice