John F. RAMPULLA, III, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2011–SC–000310–KB.

Supreme Court of Kentucky.

Aug. 25, 2011.

### OPINION AND ORDER

John F. Rampulla, KBA No. 56500, was admitted to the practice of law on May 1, 1966, and his bar roster address is 520 Fintville Road N, Versailles, Kentucky 40383. He moves this Court to impose the sanction of a one hundred eighty-one day suspension from the practice of law, with ninety-one days probated for three years. Rampulla's probation would be conditioned upon his continued successful participation with KYLAP (Kentucky Lawyers Assistance Program), as well not committing any misdemeanor or felony crimes or receiving any more disciplinary charges. The Kentucky Bar Association (KBA) has no objection,[1] as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

---

1. Although it has no objection, the KBA does note that Rampulla has been previously disciplined by this Court. In *Rampulla v. Kentucky Bar Ass'n,* 17 S.W.3d 895, 896 (Ky. 2000), he received a sixty day suspension for violating SCR 3.130(1.3), 3.130(1.4) and 3.130(1.16). *Id.* Rampulla failed to diligently represent and. communicate with a client in an immigration matter, and failed to refund an unearned fee after another client died prior to performance of the agreed upon legal services. *Id.*

### Background

On May 14, 2005, Rampulla was arrested for Possession of Drug Paraphernalia. He pled guilty to the misdemeanor offense on September 2, 2005 and served seven days in jail.

An officer of the Lexington Fayette Urban County police subsequently observed Rumpulla disregarding a traffic light on September 15, 2007. During a subsequent vehicle search, the officer discovered controlled substances and drug paraphernalia. Along with the traffic violation, Rumpulla was charged with First Degree Possession of Cocaine and Possession of Drug Paraphernalia, Second Offense.

Following his arrest, Rumpulla began a course of treatment at the Veterans Administration Hospital in Lexington. He participated in individual and group therapy, as well as random tests to determine whether he was continuing to use controlled substances.

In January 2007, Rumpulla pled guilty to an amended charge, Possession of Drug Paraphernalia, First Degree. He received a one hundred eighty day sentence, which was probated for one year as long as he continued counseling and submitting to random drug testing.

Rumpulla has continued his successful involvement in these counseling and drug testing programs. He also entered a three-year participation agreement with KYLAP in September of 2008, with which he has complied.

### Negotiated Sanction

Rumpulla admits that his conduct in these matters constitutes a violation of SCR 3.130–8.4(b),[2] which provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." He and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) and now request this Court to impose a one hundred eighty-one day suspension from the practice of law, with ninety-one days probated for three years, provided that during that time he continues his successful participation with KYLAP, does not commit any misdemeanor or felony crimes, and does not receive any more disciplinary charges.

In its response, the KBA contends that the recommended discipline is appropriate and supported by Kentucky case law. For example, in *Aulenbach v. Kentucky Bar Ass'n*, 151 S.W.3d 330, 331 (Ky.2004), Aulenbach admitted violating SCR 3.130–1.4(a) and (b) due to his failure to keep his client informed of the status of her case, thereby causing her to incur a default judgment of $6,100. He also admitted violation of SCR 3.130–8.3(b), which governs termination of representation. *Id.* at 331–332. Finally, Aulenbach admitted violating SCR 3.130–8.3(b) pursuant to four separate instances of driving under the influence. *Id.* at 332. Due to his conduct, he received a suspension of thirty days, as well as a suspension of one hundred eighty-one days, deferred for three years on the condition of his participation in the KYLAP program. *Id.*

In *Bock v. Kentucky Bar Ass'n*, 336 S.W.3d 105, 108–109 (Ky.2011), we suspended Bock for one hundred eighty-one days, with ninety days to serve, and the remaining ninety-one days probated provided that she continued her participation and compliance with the KYLAP program

---

**2.** In his Motion for Consensual Resolution, he actually admitted to violating SCR 3.130–8.3(b). However, based upon the facts, as well as the text cited by the KBA in its Charge, we presume that Rumpulla admits to violating SCR 3.130–8.4(b).

and made restitution to one of her former clients. In that case, Bock admitted to a number of violations, including SCR 3.130–1.4(a), SCR 3.130–8.4(b), two counts of SCR 3.130–1.3, and three counts of SCR 3.130–8.1(b). *Id.* at 108.

In *Kentucky Bar Ass'n v. McMahon*, 337 S.W.3d 631, 632–633 (Ky.2011), McMahon admitted violating SCR 3.130–1.3 by failing to timely proceed with a personal injury case, which he attributed to several medical and mental health issues. He also admitted violating SCR 3.130–1.8(c) by paying approximately $20,000 via monthly disbursements to a client in anticipation of recouping the money from the ultimate case settlement. *Id.* Based upon his conduct, McMahon received a one hundred eighty-one day suspension, probated for two years on several conditions, including that he avoid committing any misdemeanors or felonies and successfully complete KYLAP. *Id.* at 633.

### Discipline

Agreeing that the negotiated sanction proposed in Rampulla's motion is appropriate, it is ORDERED that:

1. John F. Rampulla shall be suspended from the practice of law for one hundred eighty-one days, with ninety-one days probated for three years, subject to the following conditions:

   A. Rampulla shall continue participation with the Kentucky Lawyers Assistance Program, as set forth in the Supervision Agreement attached to his Motion for Consensual Resolution, for a period of three years from the date of this Order;

   B. Avoid committing any misdemeanor or felony crimes for a period of three years from the date of this Order;

   C. Avoid receiving any additional disciplinary charges from the Inquiry Commission for a period of three years from the date of this Order.

2. Pursuant to SCR 3.390, Rampulla shall, within ten days from the entry of this Opinion and Order, notify all clients with Kentucky cases in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the KBA. Furthermore, to the extent possible and necessary, Rampulla shall immediately cancel and cease any advertising activities in which he is engaged.

3. In accordance with SCR 3.450, Rampulla shall pay all costs associated with these proceedings, said sum being $100.04, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2011.

/s/ John D. Minton, Jr.

/s/ Chief Justice