Andrew L. HOLTON, KBA Member No. 87681, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2013–SC–000551–KB.

Supreme Court of Kentucky.

Sept. 26, 2013.

## OPINION AND ORDER

Movant, Andrew L. Holton, moves this Court to dismiss five counts of the Charge against him and, for the remaining counts, impose a suspension from the practice of law for sixty-one (61) days, probated for a period of two (2) years subject to conditions set forth below. Movant's Kentucky Bar Association ("KBA") member number is 87681, and his bar roster address is 1642 Bonnycastle Drive, Louisville, Kentucky 40205. Movant was admitted to the practice of law in the Commonwealth of Kentucky on April 23, 1999.

Tommie Ousley retained Movant in 2009 after being injured in a car accident. Sub-

sequently, Movant loaned Ousley $18,000 by way of paying the client's outstanding bills. In 2012, Movant obtained a settlement for damages resulting from the car accident in the amount of $90,000. From this settlement, Movant recouped his legal fees and repayment of the $18,000 loan.

Ousley filed a bar complaint against Movant after being contacted by a collection agency regarding a debt that Movant purportedly paid on Ousley's behalf. The bar complaint also alleged that Ousley was encountering significant problems in contacting Movant, that he was dissatisfied with the length of time the case took to conclude, and that the ultimate settlement amount was unfair. The Inquiry Commission, through the Office of Bar Counsel, notified Movant that additional information regarding the bar complaint was required. Although Movant was notified that failure to respond to the bar complaint could result in an additional charge of misconduct, no response was received by the Office of Bar Counsel.

The Inquiry Commission issued a Charge against Movant on January 29, 2013, KBA file 21179. The Charge set forth seven counts of violations, including, in order: (Count I) Supreme Court Rule ("SCR") 3.130–1.3 (failure to act with reasonable diligence and promptness); (Count II) SCR 3.1301–1.4(a)(3) (failure to keep client reasonably informed); (Count III) SCR 3.130–1.4(a)(4) (failure to comply with client's reasonable requests for information); (Count IV) SCR 3.130–1.8(a) (entering into a business transaction with a client); (Count V) SCR. 3.130–1.8(e) (providing financial assistance to a client in connection with pending litigation); (Count VI) SCR 3.130–1.15(b) (failure to promptly notify client of receipt of funds or deliver funds to a client); and (Count VII) SCR 3.130–8.1(b) (failure to respond to a lawful demand for information from disciplinary authority).

### Dismissal of Charges

■ In his current motion, Movant requests that this Court dismiss Counts I, II, III, VI, and VII of the Charge against him. The KBA maintains that these counts were included in the Charge because no. response to the bar complaint was received. Movant, however, claims that his counsel mailed a response to the bar complaint within the applicable timeframe. Movant's counsel has also supplied the KBA with an affidavit stating that he mailed Movant's response on December 21, 2012. The KBA has since received Movant's response to the bar complaint and his verified answer to the Charge. The KBA finds Movant's response and answer sufficient to justify dismissal of the charges. Therefore, after reviewing Movant's response and answer, and in light of the KBA having no objection, Counts I, II, III, VI, and VII are hereby dismissed.

### Negotiated Sanction of Suspension

■ In regards to Counts IV and V of the Charge, Movant admits that, by advancing his client $18,000, he violated SCR 3.130–1.8(a) and SCR 3.130–1.8(e). The parties have negotiated a sanction in order to resolve these counts pursuant to SCR 3.480(2). The negotiated sanction suspends Movant from the practice of law in the Commonwealth of Kentucky for sixty-one (61) days, probated for two years with the condition that Movant not receive any additional disciplinary charges. The suspension is further conditioned upon Movant receiving and participating in an evaluation by a professional of the Kentucky Lawyer Assistance Program ("KLAP"), and Movant fully complying with any resulting recommendations from such evaluation. If Movant violates the conditions of his probated suspension, the full sixty-one

(61) day suspension will be imposed and Movant shall comply with the notice requirements of SCR 3.390(b).

 Whether this Court will accept the negotiated sanction is within the Court's discretion. *Anderson v. Kentucky Bar Ass'n*, 262 S.W.3d 636, 638 (Ky.2008). As SCR 3.480(2) explains: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* This Court is of the opinion that the discipline proposed by Movant and agreed to by the KBA is adequate and comparable to sanctions imposed for similar misconduct. *See Curtis v. Kentucky Bar Ass'n*, 959 S.W.2d 94 (Ky.1998). Therefore, this Court concludes that Movant's motion for suspension is hereby granted.

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, Andrew L. Holton, KBA Member No. 87681, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Movant is hereby suspended from the practice of law in this Commonwealth for sixty-one (61) days, effective upon the date of entry of this Order and probated for two years on the condition that he receive no additional disciplinary charges during that period.

3. Movant shall receive and participate in an evaluation performed by a professional of the KLAP and fully comply with any resulting recommendations from such evaluation.

4. If Movant fails to comply with any of the terms of discipline as set forth in this Order, upon the Office of Bar Counsel's motion, the Court shall impose the sixty-one (61) day period

of suspension and require client notification under SCR 3.390(b).

5. Pursuant to SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $138 .87, for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: September 26, 2013.

/s/ John D. Minton, Jr.
Chief Justice