TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000676-KB

KENTUCKY BAR ASSOCIATION                                        MOVANT

V.                                    IN SUPREME COURT

MICHAEL R. McMAHON                                          RESPONDENT

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) has recommended that Michael R. McMahon be found guilty of three counts of misconduct, and be suspended from the practice of law for 181 days.

McMahon was admitted to the practice of law in the Commonwealth of Kentucky on September 15, 1967; his KBA member number is 46690; his bar roster address is 3300 Ten Broeck Way, Louisville, Kentucky 40241.

The allegations of misconduct in this case, KBA File No. 22121, stem from the fact that McMahon was administratively suspended from the practice of law on January 23, 2013 for non-payment of dues. On July 22, 2013, he filed an application for restoration to membership. Part of that application is Question #10 asking whether the lawyer has complied with Supreme Court Rule 3.390, which requires notice of suspension or withdrawal to be sent to all clients. McMahon admitted that he had not done so.

It was discovered during the investigation in connection with this application for restoration that McMahon had, in fact, been listed as counsel of record in two cases in Jefferson District Court during the time of his

suspension. Because of McMahon's admission of non-compliance, the Board of Governors denied the application for restoration at its July 26, 2013 meeting.

In September 2013, McMahon filed a motion for reconsideration, stating:

> I amend my answer to question 10, as follows. I did not send notices of my withdrawal or suspension to any clients because I was not representing any clients in any pending litigation during the relevant time period.

McMahon also submitted video copies of the proceedings in the Jefferson District Court cases in which he was listed as the counsel of record. In at least one of the recordings, from January 28, 2013, McMahon can be clearly seen and identified as counsel for the defendant. This proceeding took place during the period of administrative suspension.

In October 2013, the Inquiry Commission issued a complaint that was served on McMahon personally. He filed no response.

In May 2014, the Inquiry Commission issued a three-count charge, which was served by certified mail and accepted by McMahon himself (his signature appears on the return card). McMahon filed no response to the charge. The charge alleged three violations of the Rules of Professional Conduct: (1) Rule 5.5(a), which states that a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction; (2) Rule 3.3(a)(a), which states that a lawyer shall not knowingly make a false statement to a tribunal or fail to correct such a statement previously made; and (3) Rule 8.4(c), which states that it is misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Because McMahon failed to answer the charge, it was submitted to the Board of Governors as a default case. The Board voted unanimously, 19–0, to find McMahon guilty of the first count, and 17–2 to find him guilty of counts 2 and 3. After this vote, the Board considered his history of discipline, which consisted of three matters, two of which are completed and one of which was pending before this Court at that time. In the first matter, from 1978, McMahon was suspended from the practice of law for one year for three violations of the old Code of Professional Responsibility. *See Kentucky Bar Ass'n v. McMahon*, 575 S.W.2d 453 (Ky. 1978). His conduct included loaning money to a client, lying to a client about the status of a case, and paying money to a client out of escrow without the benefit of a prior settlement. In the second matter, from 2011, McMahon was suspended for 181 days, with that suspension probated for two years. *See Kentucky Bar Ass'n v. McMahon*, 337 S.W.3d 631 (Ky. 2011). His conduct in that matter included a lack of diligence and, again, loaning money to clients.

The third matter involves allegations that McMahon again loaned money to clients and that he failed to respond to requests for information in a disciplinary proceeding. That case has proceeded to the Board of Governors, which recommended a 181-day suspension, concurrent with any other discipline then existing or imposed. That matter, KBA File No. 22267, 2014-SC-000481, is pending before this Court, and should be decided at the same time as this case.

3

After considering this disciplinary history, a majority of the Board voted in favor of a 181-day suspension to be served consecutively to any other discipline imposed. Five members of the Board agreed with the 181-day suspension but would have made it concurrent with other discipline. One member voted in favor of a 90-day concurrent suspension with the rationale that McMahon should have been guilty of only the first count of the charge.

Neither the KBA's Office of Bar Counsel nor McMahon has sought review by the Court under SCR 3.370(7). Furthermore, this Court declines to undertake review pursuant to SCR 3.370(8). Thus, the Board's decision is adopted in full under SCR 3.370(9).

## Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Michael R. McMahon, is found guilty of the above-described violations of the Rules of Professional Conduct in KBA Case No. 22121.

2. McMahon is suspended from the practice of law for 181 days, with that suspension to be served consecutively to any other suspension begun or ordered before or on the date of the entry of this order.

3. As required by SCR 3.390, McMahon will, within 10 days after the issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel.

4

McMahon shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. He shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4. As stated in SCR 3.390(a), this order shall take effect on the 10th day following its entry. McMahon is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

5. In accordance with SCR 3.450, McMahon is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $624.28, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE

5