TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000481-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


MICHAEL R. MCMAHON                                    RESPONDENT
KBA MEMBER NO. 46690


## OPINION AND ORDER

Respondent, Michael R. McMahon, was admitted to the practice of law in the Commonwealth of Kentucky on September 15, 1967. Respondent's Kentucky Bar Association ("KBA") Member Number is 46690 and address is 3300 Ten Broeck Way, Louisville, Kentucky 40241. On August 18, 2014, the KBA Board of Governors ("Board") filed its Findings of Fact, Conclusions of Law, and Recommendations in KBA File No. 22267. The Board found Respondent guilty of committing two of the four disciplinary infractions and recommended a 181-day suspension from the practice of law. Neither McMahon nor Bar Counsel has filed a notice for this Court to review the Board's decision as allowed under Supreme Court Rule ("SCR") 3.370(8). Moreover, and for reasons set forth more fully herein, we decline the opportunity to review the Board's decision per SCR 3.370(9) and hereby adopt its recommended sanction.

The facts underlying this disciplinary action concern Respondent's representation of Renee Vidt and her three minor children. In August of 2010, Respondent filed two separate lawsuits in an effort to recover damages for injuries the Vidts sustained during an automobile accident. The first lawsuit, styled *Vidt, et al. v. Lyon,* 10-CI-696, was filed in Nelson County against the driver and owner of the vehicle that caused the accident. The second lawsuit, styled *Vidt, et al. v. USAA,* 10-CI-730, was also filed in Nelson County and is against Renee's insurance provider, USAA.

After filing suit, Respondent failed to answer or respond to discovery requests. Most of the requested information was easily obtainable. For example, Respondent would not provide USAA with simple information such as the Vidts' Personal Injury Protection claims. Accordingly, motions to compel discovery were filed in both suits, but were later withdrawn. Notably the delays in litigation were not solely due to Respondent's actions, or lack thereof. Renee was partially to blame since she experienced several personal issues which delayed the litigation in both lawsuits. For instance, Renee delivered twins in May of 2011 and suffered from serious health issues post-delivery. Renee also filed bankruptcy in 2012 which caused a brief stay in the proceedings.

Progress in both lawsuits was further postponed when Respondent was suspended from the practice of law in January of 2013. Respondent's suspension was due to his failure to pay bar dues for the 2012-2013 fiscal year. Subsequently, the Nelson County Circuit Court issued an order pursuant to Kentucky Rules of Civil Procedure ("CR") 77.02 threatening to

2

dismiss case number 10-CI-696 due to a lack of prosecution. In April of 2013, Renee decided to retain S. Wade Yoeman of the law firm Caudill, Finn & Yoeman to represent her and her children.

Yoeman quickly discovered that Respondent had loaned Renee money during the course of his representation. For that reason, Yoeman filed a bar complaint against Respondent in September of 2013. Respondent was served with the bar complaint on October 7, 2013. A letter from the Inquiry Commission requesting additional information accompanied the bar complaint. Respondent did not provide a response to the request for information, nor did he file an answer to the bar complaint. Respondent did, however, admit to advancing money to Renee in the amount of $23,800.00.

As a result, the Inquiry Commission issued a four-count Charge against Respondent, which alleged that Respondent violated the following Rules of Professional Conduct: Count I, SCR 3.130-1.1 (failure to provide competent representation); Count II, SCR 3.130-1.3 (failure to provide diligent representation); Count III, SCR 3.130-1.8(e) (providing financial assistance to a client); and Count IV, SCR 3.130-8.1(b) (failing to respond to a lawful demand for information from an admissions or disciplinary authority). Respondent declined to answer the Charge, stating that he would "let the process proceed without defending" himself due to health issues, including "primarily depression."

The Board deliberated and voted on Respondent's Charge on June 17, 2014. The Board unanimously agreed that Respondent was not guilty of Count

3

I, SCR 3.130-1.1 and Count II, SCR 3.130-1.3, but found him guilty of Count III, SCR 3.130-1.8(e) and Count IV, SCR 3.130-8.1(b). Ultimately, the Board recommended Respondent be suspended from the practice of law for a period of 181 days to run concurrently with any other discipline imposed upon him. In coming to this conclusion, the Board considered Respondent's disciplinary history, which included two sanctions imposed by this Court. Respondent's first disciplinary action arose in 1978, during which time Respondent loaned his client money and also failed to timely file a lawsuit on that client's behalf. *See Kentucky Bar Ass'n v. McMahon*, 575 S.W.2d 453, 454-55 (Ky. 1978). This Court suspended Respondent from the practice of law for a period of one year. *Id.* at 455. In 2011, Respondent was once again disciplined for loaning his clients over $20,000. *See Kentucky Bar Ass'n v. McMahon*, 337 S.W.3d 631 (Ky. 2011). In that case, this Court suspended Respondent for 181 days, probated for two years and subject to certain conditions. *Id.* at 633.

After reviewing the record, this Court believes there is sufficient evidence to support the Board's findings that Respondent violated the Rules of Professional Conduct. As to Count III, Respondent admitted to providing financial assistance to Renee which is a direct violation of SCR 3.130-1.8(e). In regards to Count IV, Respondent clearly violated SCR 3.130-8.1(b) by refusing to respond to the Inquiry Commission's request for additional information. In addition, we believe the Board's recommended sanction is consistent with discipline this Court has imposed for similar misconduct. *See Curtis v. Kentucky Bar Ass'n*, 959 S.W.2d 94 (Ky. 1998). We further note that

4

suspension is particularly appropriate in this disciplinary action considering that Respondent was just recently punished for substantially similar misconduct in 2011. *See Kentucky Bar Ass'n v. McMahon*, 337 S.W.3d 631 (Ky. 2011).

For the aforementioned reasons, this Court adopts the Board's Findings of Fact, Conclusions of Law, and Recommendations. Therefore, it is ORDERED that:

1. Michael R. McMahon, KBA Member No. 46690, is guilty of violating SCR 3.130–8.1(b) and SCR 3.130-1.8(e).

2. McMahon is hereby suspended from the practice of law in this Commonwealth for a period of 181 days, which shall run concurrently with any other suspension imposed upon him *prior* to this order's date of entry.

3. Pursuant to SCR 3.450, McMahon is directed to pay all costs associated with this disciplinary proceeding, in the amount of $549.87 for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: April 2, 2015.

CHIEF JUSTICE

5