TO BE PUBLISHED

# Supreme Court of Kentucky

2017-SC-000101-KB

FINAL
DATE 6/29/17 _Kim Redmon_ DC

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


ROGER D. VARNEY, II                                    RESPONDENT
KBA Member No. 88586


## OPINION AND ORDER

Respondent, Roger D. Varney, II, was admitted to the practice of law in the Commonwealth of Kentucky on October 23, 2000. Respondent's Kentucky Bar Association ("KBA") Member Number is 88586 and his address is 627 Narrows Branch Road, Hardy, Kentucky 41531. On February 22, 2017, the KBA Board of Governors ("Board") filed its Findings of Fact, Conclusions of Law, and Recommendations in KBA File Nos. 20948, 20992, and 21884. The Board found Respondent guilty of committing twelve disciplinary infractions and recommended a 181–day suspension from the practice of law, and making restitution to his clients. Neither Respondent nor Bar Counsel has filed a notice for this Court to review the Board's decision as allowed under Supreme Court Rule ("SCR") 3.370(8). Moreover, and for reasons set forth more fully

herein, we decline the opportunity to review the Board's decision per SCR 3.370(9) and hereby adopt its recommended sanction.

## I. FACTUAL BACKGROUND.

### A. KBA File 20948.

Jody Stiltner hired Respondent to represent him during 2010 in two matters. In the first matter, in October 2010, he paid Respondent $700 in cash to help him recover personal belongings from a former girlfriend. Respondent told him that he would put a receipt for the payment in his file. Respondent then informed Mr. Stiltner that he had filed suit in Pike Circuit Court and had obtained a judgment and was able to garnish the defendant's wages. Respondent actually forwarded two cash payments of $120 each to Mr. Stiltner. Finally, he told Mr. Stiltner that he had located funds in the defendant's bank account, had frozen the account, and would have the money transferred to Mr. Stiltner's account. Over the next several months, Mr. Stiltner made various attempts to obtain information about the proceedings and never received any documentation, although he received assurances from Respondent that additional payments would be sent. When no further payments arrived, Respondent informed him that the defendant's employer refused to process further garnishments.

In the second matter, Mr. Stiltner hired Respondent to pursue a claim against the company which provided security for a job site from which his tools had been stolen. Respondent informed him that an agreement had been

2

reached to settle the claim for $19,500 and Mr. Stiltner met with Respondent and signed paperwork (although he was not provided with a copy of what he signed). Respondent assured him he should be receiving the settlement check and that Mr. Stiltner would have his funds in 8 to 10 days. No funds arrived and after repeated questioning, Respondent announced that he could no longer represent Mr. Stiltner because they "were too good of friends." Mr. Stiltner has received no settlement funds and has been unable to determine whether a claim was ever filed.

Mr. Stiltner became acquainted with attorney Brian Johnson, now practicing with Dickinson Wright in Lexington (but at the time was an attorney with Bingham Greenebaum Doll), because he was a witness in a series of trials that Mr. Johnson had in federal court in Pikeville. Mr. Stiltner informed Mr. Johnson of the difficulties he was having and Mr. Johnson thereafter contacted Respondent on behalf of Mr. Stiltner in April 2012. Mr. Johnson requested information on both matters. After exchanging contact information, Respondent informed Mr. Johnson on May 1, 2012, in a telephone call, that he would send Mr. Stiltner's files to Mr. Johnson. Mr. Johnson did not receive any materials and on May 7 checked again with Respondent and was assured that the package would be resent by certified mail. On May 11, Mr. Johnson checked again, having received nothing. Mr. Johnson's inquiries continued throughout May 2012 but no information or documentation was forthcoming. Mr. Johnson's office checked CourtNet and determined that no actions had been filed in the Pike District or Circuit Court. As a last resort, Mr. Johnson

3

suggested that Mr. Stiltner contact the Kentucky Bar Association and that he would refer him to an attorney who handled malpractice cases for plaintiffs.

## B.  KBA File 20992.

Respondent was hired by Dr. Vanessa Phillips Gainey, a family practice physician in Pikeville, to recover a motorcycle from her ex-boyfriend. Dr. Gainey signed a fee contract with Respondent on July 2, 2010, which required Respondent to pursue a lawsuit in Letcher County, Kentucky over the matter. The fee was cited as $500, with $250 due in advance. Dr. Gainey paid Respondent $333.54 ($250 of his fee and the filing and certified letter fees), with the understanding that the remaining $250 was to be paid at the conclusion of the representation. Several weeks later, Respondent contacted her, announced that everything was filed and that they should have news in the near future.[1] She did not hear back from him thereafter and a year and a half later tried tracking him down. She made numerous efforts to contact Respondent from December 2011 until mid-May 2012, eventually demanding a copy of her file.

---

[1] Respondent apparently did file the lawsuit against the ex-boyfriend in Letcher Circuit Court on July 26, 2010, although he never provided his client with information or documentation. The certified mail service in that case was return unclaimed in August 2010 and no further efforts at service were made. On November 1, 2012, Letcher Circuit Court mailed Respondent a notice to dismiss for lack of prosecution, and on December 5, 2012, Respondent filed a motion to withdraw indicating that he no longer had a private law practice. The case was ultimately dismissed for lack of prosecution in October 2014.

4

In March 2012, Respondent texted that he had a garnishment prepared and would be mailing it out and provide her with a copy. She requested copies of her entire file but could not get Respondent to commit to a time when he could be present at his office for her to pick them up. Later, he led her to believe that he would leave copies of her file in his office but then on May 3, 2012, texted that the documents were being sent by certified mail. Nothing was received.

The ex-boyfriend's family informed Dr. Gainey at that same time that they believed the motorcycle had been disassembled and sold for parts. At that point, Dr. Gainey asked not only for her file but a refund of the fee, and the response she received from Respondent was that he provided more services than he received payment for and did "not have to lose money on a case." He followed up with the suggestion that she sue him for whatever she felt she deserved back.

In June 2012, Dr. Gainey sued Respondent in small claims court. Respondent appeared but brought no documentation, informing the court that he believed he would have the case transferred to District Court and therefore the hearing would not occur. The small claims judge found that Respondent had breached his contract by failing to communicate with Dr. Gainey and failing to proceed with the case, and awarded Dr. Gainey $333.54 plus interest. She has been unable to collect the judgment.

## C. KBA File 21884.

In September 2010, Debbie Walker was awarded temporary emergency custody of her grandchildren. Difficulties with the attorney then representing her later caused her to hire Respondent in May 2011. Ms. Walker knew Respondent had been an assistant Pike County Attorney and hired him to pursue permanent custody of the children. He quoted her a fee of $2,500 and she wrote him the first of several $500 checks on May 3, 2011 for "custody representation." He met with her and the children briefly a week later and three weeks after that made a phone call to social services. Ms. Walker made three additional payments for a total of $2,000 and testified at the hearing that her understanding was that the final $500 would be due to Respondent when he obtained a court date for the permanency hearing.

Respondent never filed a motion to obtain permanent custody, and between January 2012 and February 2013, Ms. Walker sent 14 emails inquiring about the case and requesting a refund if he was not going to undertake the work. No reply was received. Ms. Walker recalled that at one point he did tell her he would return her money but that he had lost her address. The only thing Ms. Walker received from Respondent was a shorter version of the order which had previously been entered by the court awarding her temporary emergency custody. As she testified, she already had this order and Respondent simply changed the date.

Ms. Walker proceeded to file a bar complaint and five months later, in October 2013, Respondent mailed her three documents which he identified as

6

her file. Ms. Walker testified that she had delivered to him much more paperwork and the complete file was never returned. Respondent, in responding to her bar complaint, said that he would voluntarily refund a portion of the fee but did not think an entire refund was warranted "as I performed a large amount of work in the case." In September 2013, he offered to refund half the fee, but never did so and never offered any substantiation of the large amount of work he claims to have performed. Ms. Walker has still not been able to obtain permanent custody of the grandchildren, lacking the funds to hire another attorney. She draws disability and has no other income.

## II.    PROCEDURAL OVERVIEW.

### A.    KBA File 20948.

On April 22, 2013, the Inquiry Commission filed a Charge consisting of five counts against Respondent in KBA File 20948. He was charged with violating:

> Count I: SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client."

> Count II: SCR 3.130(1.4)(a)(3) and (4): "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; [and] (4) promptly comply with reasonable requests for information."

> Count III: SCR 3.130(1.16)(d) states in part: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as... surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

> Count IV: SCR 3.130(8.1)(b): A lawyer in connection with a disciplinary matter shall not... "knowingly fail to respond to a

7

lawful demand for information from an admissions or disciplinary authority."

Count V: SCR 3.130(8.4)(c): "It is professional misconduct for a lawyer to: ... (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Respondent filed an Answer to this Charge denying all of the allegations other than the biographical information and requesting a hearing and discovery.

## B.    KBA File 20992.

KBA File 20992 resulted in a three count Charge filed August 13, 2014. Respondent was charged with violating:

Count I: SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client."

Count II: SCR 3.130(1.4)(a)(3) and (4): "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; [and] (4) promptly comply with reasonable requests for information."

Count III: SCR 3.130(1.16)(d) states in part: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

Respondent filed an Answer to this Charge denying all claims outside of the biographical information, and "asserts any defense as to which he may be entitled to and request any and all discovery in the matter."

## C.    KBA File 21884.

A four count Charge was filed March 11, 2014 in KBA File 21884. Respondent was charged with violating:

8

Count I: SCR 3.130(1.3): "A lawyer shall act with reasonable diligence and promptness in representing a client."

Count II: SCR 3.130(1.4)(a)(2): "A lawyer shall: (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished."

Count III: SCR 3.130(1.4)(a)(3)and (4): "A lawyer shall: (3) keep the client reasonably informed about the status of the matter; [and] (4) promptly comply with reasonable requests for information."

Count IV: SCR 3.130(1.16)(d) states in part: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred."

Respondent also filed an Answer to this Charge denying the allegations, asserting "any and all defenses at law or equity" and demanding a hearing and requesting discovery.

The three Charges were consolidated under KBA file 20948 as of December 9, 2014. The Supreme Court designated James E. Bruce, Jr., as Trial Commissioner on September 25, 2015. On October 2, 2015, Commissioner Bruce sent a letter to Respondent and Bar Counsel setting a telephonic prehearing conference for October 19, 2015 at 11 a.m. Bar Counsel on October 6, 2015 also sent this letter to the two email addresses on file with the Bar Association for Respondent. Respondent did not participate in the prehearing conference.

The hearing on the charges was set for March 21, 2016. Kristine Brower, Deputy Bar Counsel, appeared for the Bar Association. Respondent did not appear. The hearing proceeded and during trial the KBA introduced 16

9

exhibits and presented testimony of Jodi Stiltner, Vanessa Phillips Gainey, and Debbie·Walker and also offered the deposition testimony of attorney Brian Johnson. At the conclusion of the hearing, the parties were given 30 days from the filing of the hearing transcript to submit briefs. The transcript was filed April 28, 2016 with the Disciplinary Clerk. The KBA filed its brief on May 26, 2016; Respondent did not submit a post-hearing brief.

The Trial Commissioner's report and recommendation was filed with the Disciplinary Clerk on June 29, 2016. The Trial Commissioner recommended a finding of guilt on all charges in each of the three consolidated matters; recommended suspension for a period of 181 days; restitution of the $700 retainer to Mr. Stiltner, the $2000 retainer to Ms. Walker and satisfaction of the Small Claims judgment awarded to Dr. Gainey and restoration to each former client of their files. Respondent filed a notice of appeal of the Trial Commissioner's report on July 27, 2016. He submitted his brief on August 29, 2016. Bar counsel's brief was submitted September 12, 2016.

The case was set for oral argument before the Board of Governors on November 18, 2016. Four days before the oral argument, Respondent submitted a motion to continue based on a claimed medical procedure and the representation that he was hiring counsel and that counsel would require time to prepare. Bar Counsel objected to the requested continuance. By Order entered November 16, 2016, the oral argument was continued to Friday, January 20, 2017 at 9:30 a.m. The continuance was conditioned on Respondent either (1) on or before November 23, 2016, submitting to the

Disciplinary Clerk documentation from a healthcare provider stating that on or before November 7, 2016, Respondent scheduled a medical procedure to take place on November 18, or (2) retaining an attorney who would enter an appearance in the case on or before December 22, 2016. The Order provided that if at least one of these conditions was not satisfied the oral argument would be canceled and the appeal would simply be submitted. The conditions were not met.

### III. PRIOR DISCIPLINE.

On January 6, 2015, Respondent was suspended from practice for nonpayment of his 2014-15 bar dues. He remains suspended.

### IV. BOARD'S FINDINGS AND RECOMMENDATION.

Pursuant to SCR 3.370(5), the Board of Governors decided, by a vote of 16 to 1, that the decision of the Trial Commissioner as to the findings of the violations and degree of discipline imposed was supported by substantial evidence and not clearly erroneous. The Board adopted those findings as its own, and made the following Recommendation:

> The Board of Governors recommends that Respondent be found guilty in KBA File 20948 of violating Count I, SCR 3.130(1.3); Count II, SCR 3.130(1.4)(a)(3)&(4); Count III, SCR 3.130(1.16)(d); Count IV, SCR 3.130(8.l)(b); and Count V, SCR 3.130(8.4)(c).

> The Board of Governors recommends that Respondent be found guilty in KBA File 20992 of violating Count I, SCR 3.130(1.3); Count II, SCR 3.130(1.4)(a)(3)&(4); and Count III, SCR 3.130(1.16)(d).

> The Board of Governors recommends that Respondent be found guilty in KBA File 21884 of violating Count I, SCR

11

3.130(1.3); Count II, SCR 3.130(1.4)(a)(2); Count III, SCR 3.130(1.4)(a)(3)&(4);and Count IV, SCR 3.130(1.16)(d).

It further recommends that Respondent be suspended for a period of 181 days.

Respondent shall also be ordered to return each client file and make restitution as follows:

KBA File 20948: Jody Stiltner - $700.00;

KBA File 20992: Vanessa Phillips Gainey - Satisfy the Judgment that was rendered in her favor against the Respondent in small claims court with interest and costs; and

KBA File 21884: Debbie Walker - $2,000.00 retainer.

The costs of this proceeding, including amounts incurred after the consideration and vote by the Board, as calculated and certified by the Disciplinary Clerk in the amount of $2768.76, should be assessed against and paid by Roger D. Varney, II, as required by SCR 3.450.

After reviewing the record, this Court believes sufficient evidence supports the Board's findings that Respondent violated the Rules of Professional Conduct. As to Count I in each File, Respondent failed to act with reasonable diligence and promptness in representing these three clients, in violation of SCR 3.130(1.3). As to Count II in File 21884, charging a violation of SCR 3.130(1.4)(a)(2), failure to "reasonably consult with a client about the means by which the client's objectives are to be accomplished," Respondent failed to consult with Ms. Walker who wanted permanent custody of her grandchildren, not temporary custody. As to Counts II in File 20948 and File 20992, and Count III in File 21884, Respondent failed to keep all three clients reasonably informed about the status of their matters and failed to promptly

12

comply with reasonable requests for information, all in violation of SCR 3.130(1.4)(a)(3)&(4). As to Counts III in File 20948 and 20992, and Count IV in File 21884, Respondent failed upon termination of representation to take steps to protect his clients' interest, such as surrendering papers and property to which the client is entitled and refunding advance payment of fee or expense that has not been earned or incurred, all in violation of SCR 3.130(1.16)(d). Respondent violated SCR 3.130(8.l)(b) in File 20948, Count IV, by failing to file a response to the charge. Finally, Respondent violated SCR 3.130(8.4)(c), Count V in File 20948, by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, by misrepresenting actions he took on behalf of Mr. Stiltner in his legal action and the status of his claims.

In addition, we believe the Board's recommended sanction is consistent with discipline this Court has imposed for similar misconduct. *See Curtis v. Kentucky Bar Ass'n,* 959 S.W.2d 94 (Ky. 1998).

For the aforementioned reasons, this Court adopts the Board's Findings of Fact, Conclusions of Law, and Recommendations. Therefore, it is ORDERED that:

1. Roger D. Varney, II, KBA Member No. 88586, is guilty of violating SCR 3.130(1.3), three counts; SCR 3.130(1.4)(a)(2); SCR 3.130(1.4)(a)(3)&(4), three counts; SCR 3.130(1.16)(d), three counts; SCR 3.130(8.l)(b); and SCR 3.130(8.4)(c).

13

2. Varney is hereby suspended from the practice of law in this Commonwealth for a period of 181 days, which shall run concurrently with any other suspension imposed upon him prior to this Order's date of entry.

3. Varney shall also return each client file and make restitution as follows:

a. Jody Stiltner: $700;

b. Vanessa Phillips Gainey: Satisfy the Judgment that was rendered in her favor against the Respondent in small claims court with interest and costs; and

c. Debbie Walker: $2,000.

4. Pursuant to SCR 3.450, Varney is directed to pay all costs associated with this disciplinary proceeding, in the amount of $2,768.76 for which execution may issue from this Court upon finality of this Order.

5. Pursuant to SCR 3.390, within 10 days after the issuance of an order of disbarment, or suspension under SCR 3.050 or SCR 3.675(4), or upon issuance of an order of suspension from the practice of law for more than 60 days, Varney shall notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which Varney has matters pending, and all clients of Varney's inability to represent them and of the necessity and urgency of promptly retaining new counsel. Varney shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Upon issuance of an order of disbarment or suspension, Varney shall immediately cancel any pending advertisements, to the extent possible, and

14

shall terminate any advertising activity for the duration of the term of suspension or disbarment.

Minton, C.J.; Cunningham, Hughes, Keller, VanMeter, and Venters, JJ., sitting. All concur. Wright, J., not sitting.

ENTERED: June 15, 2017.

CHIEF JUSTICE