TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0451-KB

WILLIAM LAWRENCE SUMMERS                                    MOVANT

V.                              IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                               RESPONDENT

## OPINION AND ORDER

William Lawrence Summers was admitted to the practice of law in the Commonwealth of Kentucky on March 29, 1988. His Kentucky Bar Association (KBA) member number is 82365, and his last known roster address is 7 Canterbury Drive, Haines City, FL 33844-9717.

On March 22, 2012, Summers was suspended from the practice of law in Ohio for six (6) months. A reciprocal order was entered on October 25, 2012, in Kentucky for a period of 180 days. However, in July 2012, prior to the reciprocal order being entered here in Kentucky, Summers was retained to appear in U.S. District Court in New Hampshire in a criminal matter for his client E.R. He received a retainer, which included travel expenses. Another Ohio attorney and a local attorney appeared in court with E.R. Summers did not provide representation at the court appearance. At sentencing E.R. discovered that Summers was suspended in Ohio.

On August 1, 2018, Summers entered a plea of guilty to criminal contempt in violation of 18 U.S.C.§ 401(1) and stipulated that in July, 2012, while he was suspended in Ohio he engaged in the practice of law for his client, E.R. Summers was sentenced to six (6) months in federal prison and ordered to pay restitution in the amount of $26,000.00. On December 19, 2019, Summers completed his incarceration. Summers admits that he violated SCR 3.310(5.5)(a) and SCR 3.310(8.4)(c).

Summers is 78 years old, suffers from a heart condition that has led to multiple surgeries, diverticulitis, a descending aortic aneurism, and has had two broken hips in the last three years. Summers has retired to Florida due to his health issues and indicates in his motion that he only wants to retire with honorary KBA membership.

Pursuant to SCR 3.480(2), Summers and the KBA agreed to negotiated sanctions of 180-day suspension and that Summers pay all costs. The Chair of the Inquiry Commission and a Past President of the KBA reviewed and approved the sanctions.

In *Kentucky Bar Association v. Carter*, 986 S.W.2d 448 (Ky. 1999), Carter had failed to comply with CLE requirements and was suspended from the practice of law. When he continued to practice law after his suspension, the Inquiry Commission charged him with violations of SCR 3.130(5.5)(a) and SCR 3.130(8.1)(b) for his continuing to practice while suspended and failing to respond to the complaint. Carter then filed an answer to the charges and this Court ultimately issued a six (6) month suspension on the two counts, which ran consecutively with Carter's administrative suspension.

2

Similarly, in *Kentucky Bar Association v. Roberts-Gibson*, 97 S.W.3d 450 (Ky. 2003) (suspension for failing to comply with CLE requirements), and *Kentucky Bar Association v. McMahon*, 456 S.W.3d 400 (Ky. 2015) (suspension for non-payment of bar dues), both Roberts-Gibson and McMahon continued to practice law while suspended, and each were suspended for 181 days for their continued practice of law during their suspension periods.

Therefore, because the Kentucky Bar Association and Summers have agreed to the imposition of 180-day suspension, the Court Orders:

1.) William Lawrence Summers is suspended from the practice of law in the Commonwealth of Kentucky, for a period of one hundred and eighty (180) days, effective from the entry date of this Opinion and Order;

2.) Pursuant to SCR 3.390, Summers shall, if he has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts or other tribunals in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Summers shall immediately cancel and cease any advertising activities in which he is engaged; and

3.) In accordance with SCR 3.450, Summers shall pay all costs associated with these disciplinary proceedings against him, and for

which execution may issue from this Court upon finality of this Opinion and Order.

All sitting.  All concur.

ENTERED:  December 17, 2020.

_____
CHIEF JUSTICE